IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02498-BNB

ANTHONY DRAKE ORDUNO,

     Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS/DIVISION OF ADULT PAROLE,

     Respondent.

## ORDER OF DISMISSAL

Applicant, Anthony Drake Orduno, is an inmate at the Denver County Jail in Denver, Colorado. On September 18, 2014, Mr. Orduno filed *pro se* a second amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 9) claiming his constitutional rights have been violated because he is being detained pursuant to an illegal parole hold. As relief he seeks to have the parole hold removed so that he can be released on regular parole conditions. On September 22, 2014, Mr. Orduno filed a third amended habeas corpus application (ECF No. 14) that does not include any claims for relief. Therefore, the Court will consider Mr. Orduno's claims as set forth in the second amended application.

On September 19, 2014, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies if Respondent intends to raise either or both of those defenses in this action. On October 10, 2014, Respondent filed a Preliminary Response (ECF No. 18) arguing that this action should be dismissed

for failure to exhaust state remedies because Mr. Orduno has not fairly presented his constitutional claims to the Colorado state courts in a petition for writ of habeas corpus or in any other state court proceeding.  Mr. Orduno has not filed a reply to the Preliminary Response despite being given an opportunity to do so.

The Court must construe the second amended application liberally because Mr. Orduno is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action.

Mr. Orduno may not challenge the allegedly illegal parole hold in federal court in a habeas corpus action unless he has exhausted state court remedies.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the

federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

Mr. Orduno fails to demonstrate he has fairly presented his constitutional claims to any state court. He apparently contends he has exhausted state remedies because he has sent letters to his parole officer asking that the parole hold be lifted, tried to call his parole officer and her supervisor, filed grievances, and objected to the parole hold at parole hearings. However, these actions do not demonstrate that the constitutional claims Mr. Orduno raises in the second amended application have been fairly presented to the state courts. In fact, Mr. Orduno does not allege that he has filed any state court action challenging the allegedly illegal parole hold. Therefore, the action will be dismissed for failure to exhaust state remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the second amended habeas corpus application (ECF No. 9) is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that the "Motion for Leave to File Exhibit A-2 in Support of Respondent's Preliminary Response (Doc. 18) as a Level 2 Restricted Document" (ECF No. 20) is granted.

DATED at Denver, Colorado, this  7th  day of    November    , 2014.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court